## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **AMTRUST BANK** | ) | CASE NO: 1:08CV2390 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE O'MALLEY** |
| v. | ) | |
| | ) | |
| **COMMONWEALTH LAND TITLE** | ) | **STIPULATED PROTECTIVE** |
| **INSURANCE COMPANY,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, and the stipulations of the parties, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order shall be applicable to and govern the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively "Material"), produced, given or filed during discovery and/or produced by non-parties pursuant to subpoena, or voluntarily in lieu of subpoena, in the above-captioned action, which contain confidential and proprietary information.

2. As used herein, "Person" includes the named parties, counsel of record for the parties and other non-parties who, with the written consent of the parties, have agreed to be bound by this Stipulation.

3. Any Person may designate, at any time, as "Confidential" any Material that it produces in the course of discovery proceedings herein when such Person in good faith believes such Material contains sensitive, personal, competitive, commercial, financial or proprietary business information. The parties expressly agree that any party may designate information

and/or documents previously produced during discovery in this matter as "Confidential" pursuant to this Stipulation. A party may not designate as "Confidential" any document and/or information which is available to the public.

    4.    Confidential Material shall be subject to the following restrictions:

        a.    Confidential Material shall be used only for the purpose of the above-captioned litigation, and not for any business or other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

        b.    Confidential Material may be disclosed, for the purposes set forth above, only to:

            i    the parties;

            ii    in-house and outside counsel and their staff necessarily involved in the conduct of the Litigation;

            iii    the Court (including court reporters, stenographic reporters and court personnel);

            iv    experts retained by the parties or counsel;

            v    witnesses and deponents, including potential witnesses and potential deponents whose review of Confidential Material is in good faith deemed necessary by an attorney in his/her sole discretion;

            vi    mediators, arbitrators or other persons providing litigation support services; and

            vii    any other Person as to whom the parties agree in writing.

        c.    Only those portions of pleadings or other court filings that actually disclose Confidential Material shall be separately labeled "Documents Subject to Protective

Order of " and filed under seal in accordance with the Court's rules and shall remain under seal until the Court orders otherwise.

        d.      Any disclosure of Confidential Material at trial or in any other court proceedings herein shall be made *in camera* unless the Court orders otherwise.

        e.      Notwithstanding any of the foregoing provisions, this Stipulation shall not prevent or limit any party from using or disclosing its own Confidential Material for any purpose.

    5.    Confidential Material shall be designated as follows:

        a.      In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to production. In the case of previously produced documents, a party may identify in writing to the other party and by bates label number or other identifying marking those documents it believes contain Confidential Material.

        b.      In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material. In the case of previously served interrogatory answers, a party may identify in writing to the other party any previously-served answers it believes contain Confidential Material.

        c.      Any party may, no later than ten (10) business days after receipt of a deposition transcript, designate by providing notice in writing to the other parties all or any portion thereof as "Confidential" under the terms of the Stipulation and Order. Prior to expiration of this ten (10) business days period, all transcripts and the information contained therein, in whatever form, will be deemed to be "Confidential" under the terms of this Stipulation and Protective Order. All copies of deposition transcripts that contain confidential

matter shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

   d. Depositions, or portions thereof, may also be designated as Confidential at the time the deposition is taken.

   e. All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

  6. Prior to receiving, being shown or using Confidential Material, persons falling in the categories listed above, other than ¶4.b.(ii) or 4.b.(iii), shall be shown a copy of this Stipulation, and shall agree in writing by signing an acknowledgement in the form of Exhibit A hereto, and, if during deposition or trial, by agreeing verbally on the record, to be bound by its terms. If a deponent refuses to assent, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

  7. If any of the Parties challenges the designation of any Confidential Material, that party shall notify all other interested parties in writing.  All interested parties shall make best efforts to resolve disagreements as to confidentiality without involving the Court.  In the event that the interested parties are unable to resolve their disagreements as to confidentiality within ten (10) business days of the date the challenging party notifies the other interested parties of the challenging in writing, the challenging party may move the Court for relief with respect to the confidentiality designation of the challenged material.  The burden of proof of confidentiality shall be on the party asserting the same.

8. A non-party to this matter from whom Material is sought and/or received may stipulate to this Order and may thereby obtain the benefits, rights, and protections of a designating party under this Order, regardless of whether the Order is amended to add a non-party. By so stipulating, the non-party agrees to be bound by and comply with all terms of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

9. In the event that any of the Parties or non-parties move the Court for de-designation of any Confidential Material, the provisions of the Order shall apply to such information until the motion is decided.

10. The production of Confidential Material shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Stipulation. Neither the provisions of this Stipulation, nor any disclosure by any party or witness pursuant to this Stipulation shall constitute a waiver at anytime, or in any other litigation, of any attorney-client, work product or other privilege, including the protections afforded by Federal Rule of Evidence 501, that it possesses which arises, or has arisen in litigation or other matters outside this proceeding.

11. This Stipulation, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation including any appeals. At the conclusion of this action, all Confidential Material shall be returned promptly to the producing Person or destroyed, except that counsel for the parties need not destroy or return any Confidential Material that became a part of the court record in this action (by use as trial exhibit, inclusion in a court filing, inclusion in the record on any appeal, or otherwise).

12. This Stipulation is intended to facilitate efficient litigation between the parties and is not intended to alter resolution of any substantive issues or to affect the parties' substantive rights.

13. This Stipulation may be entered as an Order by the Court by consent of the Parties and shall be binding on the Parties as of the date signed by their counsel on their behalf.

14. Willful violation of this Order may be punishable by the contempt power of the Court and otherwise as the Court may deem appropriate.

**SO ORDERED** this _____ day of _____, 2009.

_____
JUDGE Kathleen M. O'Malley

**AGREED AND APPROVED:**

/s/ Donald P. McFadden
Donald P. McFadden (0002233)
**McFADDEN & FREEBURG CO., L.P.A.**
1370 Ontario Street
Suite 600
Cleveland, Ohio 44113
(216) 622-0850
facsimile: (216) 373-9288
Email: mcfadden@mcfaddenlaw.us

*Attorneys for Commonwealth Land Title Insurance Company*

/s/ Gary L. Walters
Steven S. Kaufman (0016662)
William W. Jacobs (0021837)
Gary L. Walters (0071572)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
 (216) 566-5500
 (216) 566-5800 (fax)
Steven.Kaufman@ThompsonHine.com
William.Jacobs@ThompsonHine.com
Gary.Walters@ThompsonHine.com

Of Counsel:

Roy E. Lachman (0010389)
General Counsel
**AMTRUST BANK**
1801 E. 9th Street
Cleveland, Ohio  44114
 (216) 622-4100
rlachman@amtrust.com

*Attorneys for Amtrust Bank*

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **AMTRUST BANK** | ) | CASE NO: 1:08CV2390 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | JUDGE O'MALLEY |
| v. | ) | |
| | ) | |
| **COMMONWEALTH LAND TITLE** | ) | STIPULATED PROTECTIVE |
| **INSURANCE COMPANY,** | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |

## CONFIDENTIALITY AGREEMENT

I, _____ represent and agree as follows:

I reside at _____
(Street Address)

_____, _____,
(City) (State)

_____ and I am employed as _____
(Zip Code) (Title)

by _____,

   (Employer)

_____, _____,

   (Street Address)                                                    (City)

_____, _____, _____.

   (State)                        (Zip Code)         (Daytime Telephone)

   1. I have read and know the contents of the "Stipulated Protective Order," dated _____, 2009, filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the U.S. District Court for the Northern District of Ohio relative to assuring enforcement of the terms and conditions of this Stipulated Protective Order.

   2. I am one of the persons described in Paragraph 4(b) of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information as said term is defined and described in the Stipulated Protective Order.

   3. I expressly agree that:

       a. I have read and shall be fully bound by the terms of the Stipulated Protective Order;

       b. All such Confidential Information as is disclosed to be pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclosure or use the original or any copy of, or the subject matter of, the Confidential Information except in accordance with the Stipulated Protective Order;

       c. I shall not use or refer to any Confidential Information, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

       d. I shall, upon being notified of the termination of the above entitled action proffer the return of all copies of all Confidential Information to the counsel for the party

      who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: _____  _____
                                                                                                                 Signed Name

## CERTIFICATE OF SERVICE

I certify that a copy of this Stipulated Protective Order was electronically filed on September 2, 2009.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through he Court's system.

/s/ Gary L. Walters
*One of the Attorneys for Plaintiff Amtrust Bank*