IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMTRUST BANK,** ) ) ) | CASE NO. 08-CV-02390 |
| ) | JUDGE O'MALLEY |
| Plaintiff, ) ) | |
| ) | **MEMORANDUM IN OPPOSITION TO** |
| v. ) | **DEFENDANTS' MOTION TO STRIKE** |
| ) | **AFFIDAVIT OF JAMES DEFEO** |
| **COMMONWEALTH LAND TITLE INSURANCE CO.,** ) ) ) | |
| Defendant. ) | |

## INTRODUCTION

The Federal Deposit Insurance Corporation as Receiver for AmTrust Bank ("FDIC-R") supported its Motion for Summary Judgment, in part, through a common procedure for introducing documentary evidence into the record. It attached certain documents that had been produced and received in discovery through the affidavit of an attorney, James DeFeo, who had personal knowledge of what had been produced by each side in the course of discovery. The FDIC-R then supplemented this affidavit by referencing in its main brief those portions of the appropriate testimony where various witnesses authenticated the documents or referenced additional evidence that provided the basis for authentication.

Commonwealth now moves to strike the affidavit and all of the attached exhibits on the basis that the FDIC-R did not disclose Mr. DeFeo as a witness and that the exhibits are hearsay. Commonwealth's motion makes no specific objections regarding any of the attached documents but instead relies on the blanket assertion that the documents are inadmissible for failure to

satisfy the elements of the business records exception to the rule against hearsay. Commonwealth's objections are without merit.

Mr. DeFeo was responsible for obtaining documents from AmTrust, became familiar with AmTrust's record keeping procedures, and has personal knowledge of what documents were produced in discovery by which parties. Additionally, since the only purpose of Mr. DeFeo's affidavit is to identify documents that were produced in discovery, the FDIC-R was not required to identify him as a witness. Each of the documents that Commonwealth seeks to strike from the record has been properly authenticated and is either presented for a purpose other than proof of the matter asserted or falls squarely within a recognized hearsay exception. In fact, Commonwealth attached many of the same exhibits to its own Motion for Summary Judgment. Consequently, Commonwealth's Motion to Strike should be denied.

## LAW AND ARGUMENT

**I.  The FDIC-R Was Not Required to Disclose Mr. DeFeo as a Witness and any Alleged Failure to Do So Is Harmless.**

The FDIC-R had no obligation to identify Mr. DeFeo as a witness in this matter. Federal Rule of Civil Procedure 26(a)(1)(A)(i), upon which Commonwealth relies, requires parties to identify those witnesses "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." In this case, Mr. DeFeo does not testify as to any substantive issues. Rather, his testimony only describes documents he received from AmTrust and Commonwealth in the course of discovery. Mr. DeFeo's testimony regarding which documents are produced by which parties is not discoverable information. And if it were, the failure to disclose this information was harmless and therefore excusable. *See Graham v. Metro. Life Ins. Co.*, No. 4:07CV164, 2009 U.S. Dist. LEXIS 1555, at *18 (S.D. Miss. Jan. 8, 2009); *Slane & Slane Designs, LLC v. Narragansett*

2

*Jewelry Co., Inc.*, No. 02 Civ. 4039, 2004 U.S. Dist. LEXIS 19447, at *12-13 (S.D.N.Y. Sept. 30, 2004).

## II. All of the Attached Documents Are Properly Authenticated and None Should Be Excluded as Impermissible Hearsay.

Commonwealth does not allege that the documents are not authentic but rather only challenges whether the proper technical procedures were followed to authenticate them. *See Oglesby v. Coca-Cola Bottling Co. of Chicago/Wisconsin*, 620 F. Supp. 1336, 1345 (N.D. Ill. 1985); *Grove Fresh Distributors, Inc. v. New England Apple Prods. Co., Inc.*, No. 89 C 1115, 1991 U.S. Dist. LEXIS 258, at *2 n.5 (N.D. Ill. Jan. 11, 1991) (rejecting party's motion to strike exhibits where the party did not allege the documents were not authentic and concluding that absent such a challenge, the court would assume the documents to be authentic). Nevertheless, every one of the documents attached to the affidavit has been properly authenticated and is admissible for the purposes for which it was presented.

Federal Rule of Evidence 901(a) requires only "evidence sufficient to support a finding that the matter in question is what its proponent claims." The Federal Rules provide a wide variety of means of authenticating documents. Personal knowledge of a witness is not always necessary. For example, documents produced in discovery by a party-opponent are generally considered to be authenticated. *Phillip M. Adams & Assocs., L.L.C. v. Dell, Inc.*, 621 F. Supp.2d 1173, 1183 (D. Utah 2009) (finding documents produced by party during discovery that show they came from that party are sufficiently authenticated even without attorney affidavit).[1] Likewise, "[t]he characteristics of the offered item itself, considered in the light of

---

[1] This is a widely-recognized manner for authenticating documents. *See, e.g.*, *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (documents produced by a party in discovery were deemed authentic when offered by the party-opponent); *Commercial Data Servers, Inc. v. IBM*, 262 F. Supp.2d 50, (S.D.N.Y. 2003) (advising that attorney is a witness with knowledge of what her firm received from her opponent during discovery); *see also*; *Butcher v. Bailey*, 753 F.2d 465, 469 (6th Cir. 1985) (recognizing authentication by production).

3

circumstances, afford authentication techniques in great variety. . . . [For example], a letter may be authenticated by content and circumstances indicating it was in reply to a duly authenticated one."  Notes of Advisory Committee on Rule 901.  Documents may also be authenticated by "[c]omparison . . . with specimens which have been authenticated."  Fed. R. Evid. 901(b)(3). Other documents are self-authenticating, such as commercial paper, documents that are certified or notarized, and certified copies of public records.  Fed. R. Evid. 902 (4), (8) & (9); *United States v. Carriger*, 592 F.2d 312, 316 (6th Cir. 1979) ("mere production of a note is prima facie evidence of its validity").  All of the documents attached to Mr. DeFeo's affidavit are properly authenticated by one or more of these means.

Moreover, none of the documents is inadmissible hearsay.  The Federal Rules define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c). Where a statement or document is presented not to prove that it is true but simply to show that it was made, the statement is not hearsay.  "If the significance of the statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."  Notes of the Advisory Committee on Rule 801.  Similarly, documents such as contracts and insurance policies that have an independent legal significance are not hearsay.[2] *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1154 (9th Cir. 2000) (insurance policy is not hearsay but "a legally operative document that defines the rights and liabilities of the

---

[2] The Fifth Circuit Court of Appeals explained the reasoning behind this rule in *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994):
> Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay.  A contract is a verbal act.  It has legal reality independent of the truth of any statement contained in it.  Under the objective theory of contracts, the fact that two parties signed a contract is enough to create legal rights, whatever the signatories might have been thinking when they signed it.  The admission of a contract to prove the operative fact of that contract's existence thus cannot be the subject of a valid hearsay objection.  To introduce a contract, a party need only authenticate it.

4

parties"); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994); *Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992); *New England Surfaces v. E.I. Du Pont de Nemours & Co.*, 517 F. Supp.2d 466, 472 n.8 (D. Me. 2007); *Padilla v. United States*, 58 Fed. Cl. 585, (2003).

In addition, documents that contain admissions by a party-opponent are not hearsay. Fed. R. Evid. 801(d)(2). The Rules also recognize numerous exceptions to the hearsay rule for documents that are generally considered to be reliable. Specific exceptions that are relevant here include documents that affect an interest in property and business records. Fed. R. Evid. 803 (6), (14), & (15).

All of the documents attached to the affidavit are either used for a purpose other than to prove the truth of the matters asserted or fall squarely within a recognized exception to the hearsay rules. The specific documents at issue here are:

1.  Exhibit A(i) is the Note associated with the Wallace Loan.[3] This document is self-authenticating, in that it contains an acknowledgement and is a form of commercial paper. Fed. R. Evid. 902(8) & (9). In addition, the FDIC-R referred to authenticating testimony of Gus Contos in its Memorandum in Support of Summary Judgment ("Supporting Memorandum"). (Supp. Memo., p. 2; Contos Dep., pp. 47-50, Ex. F.) Finally, this contract is a document with its own independent legal significance and is therefore not subject to a hearsay objection. *See Kepner-Tregoe, Inc.*, 12 F.3d at 540. Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

2.  Exhibit A(ii) is the Wallace Mortgage. This document is self authenticating

---

[3] For purposes of brevity, the terms "Wallace" and "Pimentel" will be used to refer to each of the two mortgage loan transactions at issue in this case. The term "Wallace" refers to the mortgage loan transaction for the property located at 562 W. 171st Street, for which David Wallace was the borrower. The term "Pimentel" refers to the mortgage loan transaction for the property located at 197 Edgecombe Avenue, for which Carlos Pimentel was the borrower.

because it contains an acknowledgement. Fed. R. Evid. 902(8). The FDIC-R also referred to authenticating testimony of Gus Contos in its Supporting Memorandum. (Supp. Memo., pp. 2, 10; Contos Dep., pp.47-50, Ex. F.) Finally, like the Note, this document is a contract that does not fall within the hearsay rule. *See Kepner-Tregoe, Inc.*, 12 F.3d at 540. And even if the document were hearsay, it would fall within a recognized exception for documents affecting interests in property. Fed. R. Evid. 803(14). Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

    3.    Exhibit A(iii) is the Wallace HUD-1 Settlement Statement. The FDIC-R referenced the authenticating testimony of Gus Contos in its Supporting Memorandum. (Supp. Memo., p. 10; Contos Dep., pp.47-50, 84-85.) Furthermore, the document is presented primarily as an exhibit to the testimony of Gus Contos, who testified that he disbursed funds according to the document. Therefore, the document provides context for Mr. Contos' testimony and is not hearsay. Even if it were hearsay, Mr. Contos' testimony establishes the documents as a business record. (Contos Dep., pp. 47-50, 84-85); *see Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1090 (5th Cir. 1988) ("The proponent of a document offered under the business record exception must show that the document was prepared in the regular course of its *author's* business."); *Dorsey v. Detroit*, 858 F.2d 338, 342 (6th Cir. 1988). Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files where it was kept as a business record.

    4.    Exhibit A(iv) is the Wallace title commitment. The FDIC-R referenced the authenticating testimony of Gus Contos in its Supporting Memorandum. (Supp. Mem., p. 10; Contos Dep., pp. 47-50, Ex. F.) This document is a contract that does not fall within the hearsay

rule. *See Kepner-Tregoe, Inc.*, 12 F.3d at 540. Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

5. Exhibit A(v) is the Wallace Title Policy. As referenced in the Supporting Memorandum, this document is authenticated by reference to an identical document, Exhibit E(i), that was produced by Commonwealth and that was authenticated by the testimony of Lawrence Lipschitz. (Supp. Mem., p. 2, Lipschitz Dep., pp. 113-14, 121-23, Ex. E.); *see* Fed. R. Evid. 901(b)(3) (providing that documents may be authenticated by comparison with identical authenticated documents). Moreover, as an insurance policy, the document is not subject to a hearsay objection. *Stuart*, 217 F.3d at 1154. Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

6. Exhibit A(vi) is a claim letter sent to Commonwealth on AmTrust's behalf with regard to the Wallace transaction. This document is independently authenticated by the testimony of Grail Moore, which the FDIC-R referenced in its Supporting Memorandum. (Supp. Mem., p. 3; Moore Dep. I, p. 124.) In addition, Commonwealth filed this identical document in support of its motion for summary judgment without making any effort to authenticate it. (Exhibit 12 to Commonwealth's Mot. for Summ. J.) Commonwealth, therefore, cannot credibly dispute its authenticity. Moreover, the document is not presented to prove the truth of the claims in the letter but only to demonstrate that a claim was made. The letter is therefore a verbal act, which is not hearsay.

7. Exhibit A(vii) is a letter sent by Commonwealth responding to AmTrust's claim regarding the Wallace transaction. Instead, the FDIC-R referenced an identical exhibit, D(iii),

7

which is independently authenticated by the testimony of Grail Moore and which Commonwealth does not challenge here.

8.  Exhibit A(viii) is the Pimentel Note.  This document is self-authenticating, in that it contains an acknowledgement and is a form of commercial paper.  Fed. R. Evid. 902(8) & (9).  This Note is a document with its own independent legal significance and is therefore not subject to a hearsay objection.  *Kepner-Tregoe, Inc.*, 12 F.3d at 540.  Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

9.  Exhibit A(ix) is the Pimentel Mortgage.  This document is self authenticating because it contains an acknowledgement.  Fed. R. Evid. 902(8).  Like the Note, this document is a contract that does not fall within the hearsay rule.  *See Kepner-Tregoe, Inc.*, 12 F.3d at 540.  And even if the document were hearsay, it would fall within a recognized exception for documents affecting interests in property.  Fed. R. Evid. 803(14).  Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

10.  Exhibit A(x) is the Pimentel HUD-1 settlement statement.  Mr. DeFeo's affidavit establishes that the document was produced from AmTrust's files where it was maintained in the regular course of business.  Moreover, the document is not used to prove the truth of the matter asserted but only to show that AmTrust received a completed HUD-1 settlement statement.  Consequently, the document is not inadmissible hearsay.

11.  Exhibit A(xi) is the Pimentel Title Commitment.  This document is independently authenticated by the testimony of Lawrence Lipschitz.  (Lipschitz Dep., pp. 133-34.)  The FDIC-R did not reference this testimony in its Supporting Memorandum because it ultimately chose not

8

to cite this document. Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

12. Exhibit A(xii) is the Pimentel Title Policy. This document is independently authenticated by the testimony of Lawrence Lipschitz, which the FDIC-R referenced in its Supporting Memorandum. (Supp. Mem., p. 6; Lipschitz Dep., pp. 121-23.) This document is an insurance contract that does not fall within the hearsay rule. *See Stuart*, 217 F.3d at 1154. Mr. DeFeo's affidavit merely confirms what the Bates Numbers on the document indicate: that this document was produced from AmTrust's files.

13. Exhibit A(xiii) is a claim letter sent on AmTrust's behalf regarding the Pimentel transaction. This document is authenticated by the fact that it was produced by Commonwealth in the course of discovery.[4] (Ex. A, ¶7.) Moreover, the document is not presented to prove the truth of the claims in the letter. Rather, it is presented to demonstrate that a claim was made. The letter is therefore a verbal act, which is not hearsay.

14. Exhibit A(xiv) is an additional claim letter sent on AmTrust's behalf with regard to the Pimentel transaction. Commonwealth filed this identical document in support of its motion for summary judgment without making any effort to authenticate it. (Exhibit 8 to Commonwealth's Mot. for Summ. J.) Commonwealth cannot credibly dispute its authenticity here. Moreover, this document was produced by Commonwealth in the course of discovery. (Ex. A, ¶8.) Moreover, the document is not presented to prove the truth of the claims in the letter. Rather, it is presented to demonstrate that a claim was made. The letter is therefore a verbal act, which is not hearsay.

15. Exhibit A(xv) is the Judgment of Foreclosure and Sale entered in the Supreme

---

[4] Mr. DeFeo's affidavit inadvertently omitted statements concerning the few documents that were produced by Commonwealth during the course of discovery. An additional affidavit to that effect is attached. (See Ex. A.)

9

Court of the State of New York and for the County of New York in Case Number M0010617. This document is self-authenticating as a certified copy of a public record. Fed. R. Evid. 902(4). The document falls within an exception to the hearsay rule for public records, records of documents affecting an interest in property, and statements in documents affecting an interest in property. Fed. R. Evid. 803(8), (14), & (15).

16. Exhibit A(xvi) is a letter sent to Commonwealth's counsel on AmTrust's behalf. The document is properly authenticated as a document produced by Commonwealth in the course of discovery. The letter is not presented to prove the truth of the claims in the letter. Rather, it is presented to demonstrate that a claim was made. The letter is therefore a verbal act, which is not hearsay.

For these reasons, Commonwealth's objections to Mr. DeFeo's affidavit and the attached documents are meritless and its motion to strike these exhibits should be denied.

Respectfully Submitted,

/s/ Gary L. Walters
Steven S. Kaufman (0016662)
William W. Jacobs (0021837)
Gary L. Walters (0071572)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio  44115
(216) 566-5500
(216) 566-5800 (facsimile)
Steven.Kaufman@ThompsonHine.com
William.Jacobs@ThompsonHine.com
Gary.Walters@ThomponsHine.com

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was electronically filed on July 23, 2010.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Gary L. Walters
*One of the Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for AmTrust Bank*

11542165