### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FDIC, as Receiver for Amtrust Bank | ) | CASE NO. 08-CV-02390 |
| | ) | |
| Plaintiff | ) | JUDGE O'MALLEY |
| | ) | |
| v. | ) | **DEFENDANT'S REPLY IN** |
| | ) | **SUPPORT OF MOTION TO** |
| COMMONWEALTH LAND TITLE | ) | **STRIKE AFFIDAVIT OF JAMES** |
| INSURANCE CO., | ) | **DEFEO** |
| | ) | |
| Defendant | ) | |

Defendant Commonwealth Land Title Insurance Co., hereby files the following Reply in Favor of Motion to Strike the Affidavit of James Defeo.

The grounds for the motion to strike was the Affidavit attempted to impermissibly present documentation evidence, and authentication of disputed documents as business records. Plaintiff now argues that it was harmless, because Mr. DeFeo was familiar with Amtrust's record keeping procedures and the affidavit was just to show the documents were produced in discovery.

The requirement to disclose Mr. Defeo is contained within Rule 26, and is not harmless. Part of the defense of Defendant in this case, is Plaintiff is unable to prove the elements of its case. Allowing testimony of its counsel on issue which Plaintiff has the ultimate proof at trial, creates multiple issues in this matter. Number one is there a requirement for Plaintiff's counsel to withdraw representing Plaintiff, when it becomes a witness. Number two and more important

to the examination is how extensive is Mr. Defeo's knowledge relating to these files and record keeping. Defendant has sought information relating to how Plaintiff obtained a copy of the title insurance policy for the 171st Street property. To the extent Mr. Defeo has knowledge of the records of Plaintiff, does he have knowledge on this subject and others related to the documents of Plaintiff.

The affidavit is on its face an attempt to introduce documents and authenticate documents which are otherwise inadmissible.

Plaintiff then argues that Commonwealth does not allege the documents are not authentic. Defendant Commonwealth has argued from the beginning that these transactions were at best fraudulent transactions, and at worst criminal. All of the documents are questionable. Commonwealth specifically challenges the document Plaintiff attempts to introduce as a title insurance policy for the property commonly known as 562 171st Street, and all documents related to any loan, plaintiff alleges it made.

Plaintiff has no record of origin for multiple documents presented in this manner, and therefore the records are at issue. The presentation of the records by an attorney's affidavit as an attempt to claim the document is a business record is simply not supported under the rules.

The Affidavit of James Defeo indentifies each of the documents as "business records" of Amtrust. This is testimony that should not be provided by counsel of record. Therefore the affidavit provides facts which Plaintiff bases its motion for summary judgment and as such, Defeo was required to be identified as a person with knowledge.

Exhibits A(i)-A(v) and A(x) attached to the affidavit is not admissible for the reasons stated herein. Defendant withdraws its objection to the admissibility of some of the exhibits, but not to the testimony of Defeo concerning those exhibits as contained herein.

1.      **Note Exhibit A(i) and Mortgage Exhibit A(ii).**  Plaintiff argues these documents are self authenticating documents as it is a form of commercial paper or a contract.  This argument is true, under Rule 902 these documents are self-authenticating documents.  To the extent that the affidavit of Mr. Defeo states that they are contained within Plaintiff's file or otherwise in the possession of Plaintiff however is mot permissible.  Mr. Defeo is offering testimony necessary for Plaintiff to prove its case, and as such the evidence should be excluded.

2.      **HUD Settlement Statement Exhibit A(iii).**  Mr. Contos' deposition testimony does not authenticate this document, in fact when asked if it is a document Mr. Contos prepared he responds "it looks like it."  *Contos Deposition, P. 48.*  This testimony does not amount to authentication of the documents.  Plaintiff argues that it falls under the business records exception, however the proponent never offers testimony that Mr. Defoe was the custodian of records for Amtrust, nor does Contos.  The testimony about the HUD-1 Settlement Statement is not sufficient to make the document admissible under the hearsay exception, and the HUD-1 Settlement Statement is not a self-authenticating document.

3.      **Wallace Title Commitment, Exhibit A(iv).**  Plaintiff argues this document was authenticated by Gus Contos and is a contract.  A title commitment is not a contract as it is not supported by consideration.  Not just in this case, but in all cases a commitment is issued prior to a closing, and therefore is a document of the title agent.  It is not the contract between the parties, nor is it ever intended to be paid for.  If the parties enter into a contract, the contract is the insurance policy, not the commitment.  Therefore this document is not a contract.  Plaintiff's argument that it is not hearsay is without merit.  The commitment is hearsay and therefore not admissible in this matter.

4. **Exhibit A(v) The Wallace Title Policy.** The Wallace title policy was not authenticated by Lipschitz as alleged by Plaintiff.  Plainitff alleges it was Exhibit E in the Lipschitz deposition, however the Exhibits for that deposition were numbers 1-9.  Note also that the document presented to Mr. Lipschitz was missing a page, as stated in the deposition P.113, Line 23.  Also, the issue surrounding this document is possession.  Plaintiff has argued it possessed an original policy, Defendant has maintained Plaintiff cannot prove such an allegation.  There is an issue as to authenticity of this document, such that a duplicate is not admissible.  If Plaintiff were in possession of the original document, then Plaintiff could argue this document was a self authenticating document as a contract. That is not the case, therefore Plaintiff is seeking to introduce a questionable duplicate, which is not self authenticating.

5. **Exhibit A(vi) and Exhibit A(vii)** Defendant has authenticated these documents and therefore has no objection with admission of the documents, for the purpose offered by Defendant.  Defendant objects to any testimony provided by the affidavit as to these documents, including that they are contained within the files of Plaintiff as that was not testified to by any of Plaintiff's witness except Mr. Defeo.

6. **Exhibit A(viii) and Exhibit A(ix)** Plaintiff argues these documents are self authenticating documents as it is a form of commercial paper or a contract.  This argument is true, under Rule 902 these documents are self-authenticating documents.  To the extent that the affidavit of Mr. Defoe states that they are contained within Plaintiff's file or otherwise in the possession of Plaintiff however is mot permissible.  Mr. Defoe is offering testimony necessary for Plaintiff to prove its case, and as such the evidence should be excluded.

**7.     Exhibit A(x).** Plaintiff abandons any pretext and simply argues Mr. Defeo's affidavit is permitted to be used to show this document is a business record. This is exactly the argument addressed in the motion to strike.

**8.     Exhibit A(xi)** Plaintiff argues that it does not need to cite this document, however it was not authenticated by Mr. Lipschitz, this is not a contract and is not admissible.

**9.     Exhibit A(xii).** Plaintiff argues this was authenticated by the testimony of Mr. Lipschitz when in fact Lipschitz testified the document Plaintiff was proffering as evidence was missing pages. In fact, Plaintiff never proves that it has a policy of title insurance for the Edgecombe Avenue. Defendant has asserted in fact there was a policy issued, and in fact the copy presented, with the exception of the missing page, is a copy. The affidavit of Defeo however states that Plaintiff has possession of the document in a file this testimony is not admissible.

**10.    Exhibit A(xv)** Defendant agrees with Plaintiff this document is admissible, however testimony that this document is a business record, or that it is contained within the file of Amtrust is not.

**11.    Exhibit A(xiv)** to the extent that this document was authenticated by Defendant, Defendant has no objection to it being admitted, however, to the extent the affidavit of Plaintiff states it is in the possession of Plaintiff or contained within a file that testimony of Defeo is not admissible.

The Motion to Strike has two purposes, 1 the affidavit provides testimony about the documents that they are in the possession of Plaintiff, no other party in this case provided such testimony and counsel of record should not be able to provide such testimony. Second Exhibits A(i)( A(ii) A(iii) A(iv) A(v) and A(x) are not admissible by any other means and therefore also

should be excluded with the affidavit of Mr. Defeo.  For the reasons stated in the motion to strike and this reply, the Affidavit and Exhibits A(i)( A(ii) A(iii) A(iv) A(v) and A(x) are not admissible evidence and should be excluded from consideration on the summary judgment motion.

        Respectfully submitted

        McFADDEN & FREEBURG CO., L.P.A.


        /s/  David A. Freeburg
        David A. Freeburg (0071054)
        1370 Ontario Street
        Suite 600
        Cleveland, Ohio 44113
        (216) 622-0850
        Facsimile: (216) 622-0854
        Email: Freeburg@mcfaddenlaw.us
        Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of the foregoing was served this the 28th day of July, 2010 on the following by the Court's ECF System to Counsel for Plaintiff.

                                                        McFADDEN & FREEBURG CO., L.P.A.


                                                         /s/  David A. Freeburg
                                                        David A. Freeburg (0071054)