PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FDIC, *as Receiver for Amtrust Bank*, ) | |
| ) | CASE NO. 1:08cv2390 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| COMMONWEALTH LAND TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Regarding ECF No. 68] |

This matter is before the Court upon Defendant Commonwealth Land Title Insurance Company's ("Commonwealth") Motion to Alter/Amend Judgment pursuant to Fed. R. Civ. Pro. 59(e). ECF No. 68. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, the Court grants Commonwealth's motion and vacates it previous Order in part.

**I. Background**

Both parties filed motions for summary judgment, and the Court granted Plaintiff's motion as to Counts I and II, the breach of contract claims, and granted Commonwealth's motion as to Counts III and IV, the bad faith claims. ECF No. 66 at 33-34. Thereafter, Commonwealth filed a motion to alter/amend judgment as to Counts I and II, arguing that the Court's decision is based on errors of fact and law. ECF No. 68 at 2. Commonwealth asks the Court to alter or amend its ruling granting Plaintiff's motion for summary judgment.

The Court, in its Memorandum of Opinion and Order, set forth the facts in this dispute and restates them herein. *See* ECF No. 66 at 1-7.

(1:08cv2390)

## II. Legal Standard

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 2810.1 (3d ed.).

The Court grants Commonwealth's motion and reconsiders its prior Order.

(1:08cv2390)

### III.  Analysis

### A.  Count I—562 West 171st Street

Commonwealth argues that there is a genuine issue of material fact whether Plaintiff paid the premium on the 171st Street property.  ECF No. 68 at 19; 72 at 3.  Plaintiff contends that the Court "considered . . . these arguments and properly concluded that the premium had been paid." ECF No. 71 at 6.  Upon reconsideration of the record, the Court finds that a genuine issue of fact is in dispute regarding whether the premium was paid.  For example,

- ECF Nos. 36-1 at 60, Gus Contos, Plaintiff's agent at the time of the transaction, stating in his deposition that he does not recall whether the premium was paid to Commonwealth's agent, Legend Land;
- ECF No. 36-1 at 83-84, Contos appearing to state in his deposition that the premium was paid to Legend Land;
- ECF No. 36-1 at 101-102, Contos stating in his deposition that he does not recall who was supposed to send the premium to Legend Land, and that he does not recall whether he paid the premium;
- ECF No. 39-6 at 2, ¶13, Ira Waltuch, record custodian for Legend Land, stating in an affidavit that it did not receive the premium;
- ECF No. 39-14, letter from Commonwealth Assistant Vice-President Grail Moore to Ohio Savings Bank's counsel stating the premium was never received;
- ECF No. 34-1 at 43, Grail Moore's deposition, wherein she states that the HUD-1 indicated that the premium had been paid, but that Legend Land never got a check for the premium;
- ECF No. 36-2 at 135-136, HUD-1 setting forth the amount of premium purportedly paid to Legend Land.

Accordingly, the Court vacates the portion of its Order concluding, as a matter of law, that Plaintiff paid the premium and that a valid policy issued.  *See* ECF No. 66 at 16-21.

The Court also vacates the portion of its Order that finds that Defendant is estopped from denying the claim premised on non-remittance of the premium, because the matter was not fully briefed.  ECF No. 66 at 22-24.  As a result, the Court, in its discretion, vacates its Order granting

3

(1:08cv2390)

summary judgment to Plaintiff on Count I, breach of contract on the West 171st Street property. The matter will proceed to trial for determination by a factfinder.

### B. Count II—197 Edgecombe Avenue

Commonwealth argues that the Court made a "factual finding" when considering *Zev Cohen, LLC v. Fidelity Nat'l Title Ins. Co., et al.*, 831 N.Y.S.2d 689 (N.Y.Sup.Ct. 2007).[1] ECF Nos. 72 at 5; 68 at 13. In its Order, the Court found that the Edgecombe policy in the instant case covers the appointment of the 7-A administrator. ECF No. 66 at 25. In doing so, it considered the *Zev Cohen* opinion, and found that case distinguishable. ECF No. 66 at 27. Thereafter, Commonwealth obtained and attached, to its motion to alter or amend judgment, a copy of the insurance policy at issue in *Zev Cohen*. Commonwealth claims that the *Zev Cohen* policy and the Edgecombe policy contain the same provision that the Court found determinative in the Edgecombe policy. Therefore, Commonwealth argues, the Court should find that the 7-A administrator is not covered under the Edgecombe policy because the *Zev Cohen* court found the 7-A administrator was not covered under the policy at issue in that case. ECF No. 68 at 13; 68-1.

Prior to filing the motion now under consideration, Commonwealth did not ask the Court to compare the actual insurance policy in *Zev Cohen* with the Edgecombe policy, nor would such a comparison have been determinative in the instant case. The Court is not interpreting the *Zev Cohen* policy— that policy was interpreted by the New York court. Instead, the Court is charged

---

[1] Commonwealth also argues that the Court erred when it found that the parties expressed an intent to insure the 7-A administrator when it removed a provision from the title commitment. ECF No. 68 at 12-13. This argument is not well taken. Even if the parties' removal did not express an intent to insure, the Court still found that the terms of the policy covered the 7-A administrator.

4

(1:08cv2390)

with interpreting the Edgecombe policy, and it considered the *Zev Cohen* opinion in doing so. The *Zev Cohen* court did not consider the provision the instant Court considered.  Rather, *the Zev Cohen* court relied on the "person in possession" exclusion in determining that the 7-A administrator was not covered under that policy.  ECF No. 66 at 26; *see also* 831 N.Y.S.2d at 695.  The instant Court noted that the Edgecombe policy did not contain a "person in possession" exclusion.  ECF No. 66 at 26.  It then determined that the 7-A administrator was covered under the Edgecombe policy.  ECF No. 66 at 26-28.  This does not amount to a "factual finding" on the part of the Court.  Commonwealth disagrees with the Court's interpretation of the Edgecombe policy.  Such disagreement is not a valid reason for moving the Court to revisit its Order.[2]

Next, Commonwealth argues that there are "new facts" related to the Edgecombe property; namely, that Plaintiff purchased the Edgecombe property in 2010 and assigned its bid to its affiliate.  ECF No. 72 at 6; 71 at 8.  Commonwealth claims that because Plaintiff is the title holder to the property, it is "completely appropriate to review and reverse the decision, in light of the new facts."  ECF No. 72 at 6.

Despite allegations of "new facts," Commonwealth does not sufficiently explain why the new facts should warrant review and reversal of the Court's previous decision.  Plaintiff, in

---

[2] Commonwealth objects to the Court's adoption of Plaintiff's reading of the Edgecombe policy.  ECF No. 68 at 13.  Plaintiff, as Commonwealth notes, argued in its brief opposing summary judgment that the Edgecombe policy provision referring to "liens for services, labor or material" encompasses the 7-A administrator.  ECF Nos. 51 at 11; 68 at 13.  Commonwealth did not respond to this argument in its reply brief.  Rather it attempts to respond now, in its Rule 59(e) motion, by presenting a new argument that could have been raised prior to the Court's Order.  Such an argument is not properly brought in a Rule 59 motion.  *See Howard*, 533 F.3d at 475

5

(1:08cv2390)

opposition, contends that its purchase of the property does not discharge the title claim, citing to a provision in the policy that provides for continuation of coverage in the event the insured acquires title to the property.[3] ECF No. 71 at 8.  Commonwealth, in its reply brief, does not allege that Plaintiff's reliance on that portion of the policy is erroneous, or otherwise state how the new facts are relevant.  Instead, Commonwealth simply recites that there are "numerous new legal and factual issues," without further explanation.  This is insufficient.  The Court is not persuaded there are new legal and factual issues that require new briefing and review.  Accordingly, the Court denies Commonwealth's motion to alter/amend judgment on Count II.

### IV.  Conclusion

For the reasons stated above, the Court grants Commonwealth's Motion to Alter/Amend Judgment (ECF No. 68) in part.  The Court vacates its Order (ECF No. 66) as to Count I, and denies Commonwealth's motion as to Count II.  The case will proceed to trial on Count I.


IT IS SO ORDERED.


| | |
|---|---|
| September 13, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Although Plaintiff cites "ECF 1-4, § 2 of Conditions and Stipulations, 'CONTINUATION OF INSURANCE,'" that document, filed by Plaintiff, is incomplete and is specifically missing the page Plaintiff purports to cite.  The correct language may also be found, however, in ECF No. 1-3 at 3, and ECF No. 39-4 at 6-7, the latter of which was supplied by Commonwealth.